E-FILED
Monday, 30 November, 2015  04:06:10 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| STACY L. CHILDRESS, | |
| **Plaintiff,** | |
| v. | **Case No. 14-2297** |
| CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Stacy L. Childress seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#9)** be **DENIED**, Defendant's Motion for Summary Judgment **(#13)** be **GRANTED**, and that the decision to deny benefits be affirmed.

### I.    Background

On December 1, 2008, Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits, alleged disability beginning November 13, 2008. Plaintiff's claims were denied initially and after reconsideration. Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Diane Raese Flebbe. On November 4, 2010, the ALJ issued an unfavorable decision. Plaintiff filed a Request for Review, which the appeals council denied on September 26, 2011, making the ALJ's ruling the Commissioner's final decision.

In May 2013, this Court issued a report and recommendation (R&R) recommending that the case be remanded for further proceedings. On July 2, 2013, having no objections, District Judge Michael P. McCuskey issued an Order adopting the

R&R. The Appeals Council issued an order remanding the case for further proceedings and a second hearing was held before ALJ Flebbe. Plaintiff, represented by counsel, appeared and testified at the hearing by video conference. The ALJ heard testimony from Plaintiff and Matthew C. Lampley, an impartial vocational expert (VE).

On January 21, 2014, the ALJ issued a second unfavorable decision. The ALJ found that Plaintiff has the severe impairments of congestive heart failure, mild chronic obstructive pulmonary disease, sebaceous cysts on the head, obesity, and depression (20 CFR 404.1520(c) and 416.920(c)). (R. 625.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (R. 626.) Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except stand 25-30 minutes at a time and walk 70 feet at a time for a total of standing and walking 2 hours a day and sit 45-60 minutes at a time for a total of sitting 6 hours a day. The work should require no climbing of ladders, ropes or scaffolds, no exposure to hazards such as dangerous machinery and unprotected heights and no exposure to extreme heat. [Plaintiff] is able to understand, remember and carry out work instructions learned within 30 days and perform goal oriented rather than fast-paced hourly production work." (R. 632.)

The ALJ found that Plaintiff is unable to perform his past relevant work as a cook, installer, and laborer, but that jobs exist in significant numbers in the national economy which Plaintiff can perform. (R. 635-36.)

Plaintiff filed a Request for Review, which the appeals council denied on October 24, 2014, making the ALJ's ruling the Commissioner's final decision. On appeal, Plaintiff argues that the ALJ failed to properly 1) weigh the medical evidence and failed to properly determine Plaintiff's RFC; and 2) evaluate Plaintiff's credibility. The Court will consider each argument in turn.

**II.    Standard of Review**

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III.   Discussion

### a.   Medical Evidence and RFC Determination

Plaintiff argues that the ALJ erred in not crediting the opinions of treating physicians, Drs. Addai and Hartman, and that the ALJ's RFC physical finding was not supported by medical evidence. The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Punzio v. Astrue*, 630 F. 3d 704, 710 (7th Cir. 2011) (citing § 404.1527(c)). An ALJ may decide not to give a treating physician's medical opinion controlling weight "if it is inconsistent with the opinion of a consulting physician, or when the treating physician's opinion is internally inconsistent." *Skarbek v. Barnhart*, 390 F. 3d 500, 503 (7th Cir. 2004).

In both decisions, the ALJ did not grant controlling weight to the opinions of Drs. Addai and Hartman. Plaintiff raised this argument in the original appeal and this Court found that the ALJ failed "to articulate her reasons for rejecting the opinions of Drs. Addai and Hartman, to support those reasons with reference to the evidence, and to present medical evidence to support her reasons." (R. 708.) The ALJ was directed to provide further explanation. (R. 708.)

3

In her first decision, the ALJ did not refer to the medical record when explaining her decision to not grant controlling weight to the treating physicians' opinions. In the second decision, however, the ALJ explicitly referred to several pieces of medical evidence which were inconsistent with the treating physicians' opinions.

First, the ALJ considered Dr. Addai's opinion. When filling out a medical impairment questionnaire, Dr. Addai opined that Plaintiff could sit for 2 hours and stand/walk for 0-1 hours during an 8 hour day; never lift or carry more than 20 pounds; could occasionally lift or carry 10 pounds, and frequently carry 5 pounds. (R. 509-510) Finally, Dr. Addai opined that Plaintiff would miss work more than three times a month on average. (R. 510). The ALJ did not grant controlling weight to Dr. Addai's opinion. In her second decision, the ALJ noted several inconsistencies between Dr. Addai's opinions in the impairment questionnaire and the medical record and Dr. Addai's own progress notes. For example, the ALJ noted that in 2008, 2009, and 2010, Dr. Addai suggested Plaintiff engage in moderate intensity exercise such as walking for 30 minutes 5 to 7 days a week. (R. 294, 420, 538.) This recommendation contrasts with Dr. Addai's selection of the lowest capacity for walking/standing (0-1 hours) when filling out the impairment questionnaire. Further, Dr. Addai noted that Plaintiff's uncontrolled blood pressure and limitations were at times a result of his failure to take medications prescribed due to cost. (R. 413, 534.) Also inconsistent, Dr. Addai's treatment records reflect noticeable improvement in Plaintiff's ejection fraction over the treatment period. (R. 628, 808, 861). The ALJ provided ample inconsistent evidence from the record to support her decision to not give Dr. Addai's opinion controlling weight.

Next, Plaintiff also argues that the ALJ erred in not giving controlling weight to treating physician, Dr. Hartman's opinion. Dr. Hartman opined that Plaintiff could sit for three hours a day, stand and walk for one hour a day, could lift or carry up to 20 pounds, had reaching and manipulative limitations, and would miss work more than three times a month. (R. 442-44, 446). Like Dr. Addai's opinion, the ALJ found that Dr. Hartman's opinion was not supported by the objective medical evidence. The ALJ

referenced the objective medical evidence discussed above in the Court's discussion of Dr. Addai's opinion. Further, the ALJ noted that Plaintiff was diagnosed in New York Heart Association Functional Class III, which denoted marked limitation in physical activity but comfort at rest. (R. 628.) The ALJ accounted for this restriction by limiting Plaintiff to sedentary work with further limitations.

In her second decision, the ALJ pointed to specific evidence in the record that conflicted with Drs. Addai and Hartman's opinions, including their own treatment records. Therefore, the ALJ did not err in refusing to give their opinions controlling weight.

Within his argument on the ALJ's review of the medical evidence, Plaintiff also argues that the ALJ failed to properly determine Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ failed to articulate what medical or non-medical evidence supported her RFC finding. Plaintiff focuses his argument on the sections of the decision directly following the ALJ's finding, where the ALJ focuses on Plaintiff's testimony and her credibility finding. However, Plaintiff does not acknowledge the discussion of the medical evidence that the ALJ included in her consideration of whether Plaintiff's impairments meet or equal the listings. (R. 626-632.) Within this section, the ALJ cited several pieces of evidence that supported her RFC determination. For example, the ALJ noted that Plaintiff's physicians placed him in New York Heart Association Functional Class III, which provides for "marked limitation of physical activity. Comfortable at rest, but less than ordinary activity causes fatigue, palpitation, or dyspnea." The ALJ specifically noted that this was consistent with the RFC determination of less than a full range of sedentary work, with the additional standing and walking limitation. Further, the ALJ noted several cardiac tests revealing ejections rates between 30-66%, especially when Plaintiff took his medication. (R.628-629.) Additioanlly, the ALJ also considered Plaintiff's daily activities which were consistent with the RFC determination. (R. 628, 631.)

As a result, the ALJ provided ample medical and non-medical evidence in support of her RFC determination.

### b.  Credibility

Plaintiff also argues that the ALJ failed to properly evaluate Plaintiff's credibility, and that the ALJ's credibility finding is not supported by substantial evidence. "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F. 3d 500, 504-05 (7th Cir. 2004.)

The ALJ considered Plaintiff's testimony and concluded that Plaintiff was "generally credible in his statements about symptoms and limitations, but not to the degree that disability is supported." (R. 634) Plaintiff argues that the ALJ incorrectly considered Plaintiff's lack of use of strong codeine or morphine based analgesics usually prescribed for severe pain. (R. 634.) Plaintiff's argument has merit, as Plaintiff's disability application was not based on pain, but rather limitations associated with his congestive heart failure and other conditions. While this was not a proper factor for the ALJ's credibility determination, the ALJ provided several other pieces of evidence in support of her credibility finding. For example, the ALJ considered Plaintiff's daily activities, which support a finding that Plaintiff is capable of limited work activity. At times after the alleged onset date, Plaintiff acknowledged that he has driven regularly, provided child care for his ex-girlfriend's son, worked part-time as a cook for four months, and walked daily. It was reasonable for the ALJ to find that a person with symptoms as severe as testified to by Plaintiff would not be able to perform these daily tasks. Further, Plaintiff's continued habit of smoking and marijuana use was properly considered by the ALJ as Plaintiff's physician's directed Plaintiff to cease smoking to improve his medical condition. One can reasonably assume that one suffering from a disability to the degree Plaintiff testified would follow any medical recommendation to improve the condition and symptoms. (R. 844.)

Plaintiff has not shown that the ALJ's credibility determination was patently wrong as the ALJ provided numerous specific pieces of evidence in support of her credibility finding.

## IV.  Conclusion

6

2:14-cv-02297-CSB-DGB   # 14   Page 7 of 7

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#9)** be **DENIED**, Defendant's Motion for Summary Judgment **(#13)** be **GRANTED**, and that the decision to deny benefits be affirmed.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 30th day of November, 2015.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE
